12-2727-cv
*Davis v. Mount Saint Mary College*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
ROBERT D. SACK,
RICHARD C. WESLEY,

*Circuit Judges*.

_____

DUANE DAVIS,

*Plaintiff-Appellant*,

-v.-                                    12-2727-cv

MOUNT SAINT MARY COLLEGE,

*Defendant-Appellee*.

_____

FOR APPELLANT:      MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

FOR APPELLEE:       JAMES P. DROHAN (Laura Wong-Pan, *on the brief*), Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Duane Davis("Davis")appeals from the June 28, 2012 decision and order of the United States District Court for the Southern District of New York (Seibel, *J.*) granting summary judgment in favor of Defendant-Appellee Mount Saint Mary College (the "College"). Davis was the College's part-time, men's basketball coach for fourteen consecutive seasons pursuant to a series of one-year contracts, until he resigned after learning that, after three consecutive losing seasons, the College would not be renewing his contract for the 2009-2010 season. After Davis resigned at age 69, the College created a new position for a full-time, men's basketball coach, formed a search committee to interview applicants, and, after interviewing six individuals, hired Ryan Kadlubowski at age 26. Subsequently, Davis sued the College claiming that the decision not to renew his contract was an adverse employment action motivated solely by his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. We assume the parties' familiarity with the

underlying facts, the procedural history, and the issues presented for review.

ADEA claims are analyzed under *McDonnell Douglas*'s three-step burden-shifting framework. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Davis only claims that the district court erred at step three in light of three facts: (1) he was more experienced than Kadlubowski, (2) the Athletic Director made a stray comment that Kadlubowski was an "impressive young man," and (3) the College renewed contracts for younger coaches of different sports that had similar or worse records than he did. Considering the totality of the circumstances as we must, these facts do not reasonably suggest that age was the 'but for' cause of the College's decision. *Gorzynski*, 596 F.3d at 106. For substantially the same reasons as the district court articulated in a comprehensive 28-page opinion, we affirm.

We have considered all of Davis' arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3